T.C. Memo. 2000-52

UNITED STATES TAX COURT

LARRY G. AND HELEN M. HORST, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 11665-98.                    Filed February 18, 2000.

Larry G. and Helen M. Horst, pro se.

<u>Bradley C. Plovan</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  Respondent determined
a deficiency of $926 in petitioners' Federal income tax for the
taxable year 1996.  Unless otherwise indicated, section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

The issues for decision are: (1) Whether, and to what extent, payments received by petitioner Larry G. Horst from the Railroad Retirement Board in 1996 constitute taxable income; and (2) whether petitioners failed to report taxable dividend and interest income received in 1996. At the time of filing the petition, petitioners resided in Sharpsburg, Maryland.

## Background

Petitioner Larry G. Horst (petitioner) was employed by CSX Transportation (CSX). On August 3, 1993, petitioner ceased work with CSX due to injuries sustained in his employment. Petitioner filed a claim for disability annuity payments with the U.S. Railroad Retirement Board (RRB). Prior to 1996, petitioner received interim payments totaling $9,492 pending resolution of the claim. On July 1, 1996, petitioner was advised by the RRB that he was entitled to receive an annuity. The monthly annuity payments were classified by the RRB as follows:

| Effective Date | Tier I | Tier II | Total |
|----------------|--------|---------|-------|
| 2/1/94 | $1,071 | $185.10 | $1,256.10 |
| 12/1/94 | 1,101 | 186.77 | 1,287.77 |
| 12/1/95 | 1,130 | 188.26 | 1,318.26 |

In 1996, petitioner received $34,341 ($43,833 less the interim payments of $9,492) from the RRB. The annuity benefits

were allocated as follows:

| Date | Tier I | Tier II | Total |
|------|--------|---------|-------|
| 1994 | $10,710 | $1,851 | $12,561 |
| 1995 | 13,212 | 2,241 | 15,453 |
| 1996 | 13,560 | 2,259 | 15,819 |
| Total | $37,482 | $6,351 | $43,833 |

The RRB submitted Forms 1099-SSA and 1099-R to the Internal Revenue Service (IRS) reporting that RRB paid Tier I and Tier II benefits to petitioner in 1996 in the amounts of $37,482 and $6,351, respectively. CSX submitted a Form 1099-DIV to the IRS reporting that CSX paid $44 in dividends to petitioners in 1996, and Hagerstown Trust submitted a Form 1099-INT to the IRS reporting that Hagerstown Trust paid $21 in interest to petitioners in 1996.

Petitioners did not report any of the above amounts on their 1996 Federal income tax return. In the notice of deficiency, respondent determined that petitioners were required to report (1) Tier I benefits in the amount of $1,572 and Tier II benefits of $6,351 received from the RRB, and (2) dividend and interest income, as noted above, received from CSX and Hagerstown Trust.

Discussion

I. RRB Payments

The first issue for decision is whether petitioners were required to include in income $1,572 in Tier I benefits and $6,351 in Tier II benefits received from the RRB in 1996. At

trial, respondent conceded that $1,572 in Tier I benefits represented payment for a disability and is, therefore, nontaxable.  With respect to the Tier II benefits, respondent conceded that the 1996 taxable benefit should be reduced by $1,375, an amount received by petitioner prior to 1996, and by $782, an amount which represents petitioner's contribution.  Therefore, respondent's position at trial was that $4,194 of Tier II benefits is taxable income in 1996.  Petitioner did not present any legal or factual argument in opposition to respondent's position.

Since 1974, benefits received by railroad retirees have been divided into two programs, identified as Tier I and Tier II benefits.  Tier I benefits are essentially the equivalent of Social Security benefits and are distributed in the same amount as Social Security benefits.  Tier I benefits are taxed under the provisions of section 86.  If, however, Tier I benefits are paid as compensation for injuries or sickness, the payments are not taxable pursuant to section 104.  Tier II benefits, which are in the nature of pension benefits, are taxed under the provisions of section 72(r).  See Ernzen v. United States, 875 F.2d 228 (9th Cir. 1989); Wallers v. United States, 847 F.2d 1279 (7th Cir. 1988); Bradley v. Commissioner, T.C. Memo. 1991-578.

Analyzing the corresponding amounts of payments received by petitioner, as listed above, we note that petitioner's Tier II

payments consist of 14.49 percent of the total amount received. Applying this percentage to the amounts received by petitioner in 1996, we conclude petitioner received $4,976 in Tier II payments ($34,341 x 14.49% = $4,976). Subtracting from this amount $782 for contributions made by petitioner, we conclude petitioner received $4,194 in taxable Tier II benefits in 1996, and respondent is sustained on this issue to the extent of $4,194.

II. <u>Dividend and Interest Income</u>

The next issue for decision is whether petitioners were required to include in income dividends and interest received in 1996. Gross income includes all income from whatever source derived, including interest and dividends. See sec. 61(a)(4), (7). It is not entirely clear from this record whether petitioners dispute the omitted dividend and interest income issue. Since no evidence was presented by petitioners, we sustain respondent on this issue. See Rule 142(a).

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.